**FAZEKAS, Plaintiff-Appellant, v. HARAKAY, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2301. Decided November 9, 1954.

Mathias H. Heck, Dayton, for plaintiff-appellant.
Bradley Schaeffer, Dayton, for defendant-appellee.

## OPINION

By MILLER, J.:

This is a law appeal from the judgment of the Common Pleas Court rendered in favor of the defendant. The action is one for libel, the material allegations of which are set forth in the petition as follows:

"That said defendant well knowing the premises, and maliciously intending to injure this plaintiff, on or about the 30th day of April, 1953 and on the 1st day of May, 1953, and at other times prior thereto, spoke and published of and concerning this plaintiff in the presence of diverse good people the false, malicious, defamatory and scandalous words following, to-wit:

'that she is dirty—drunk—untidy; that she ought to be ashamed, cancer is eating her up,'

and further defendant on such occasions has accused her of damaging defendant's property, and defendant continually agitates and worries plaintiff.

\* \* \*

"That said defendant did on or about May 1, 1953 in the afternoon thereof, called the Police Department of the City of Dayton, Ohio, and falsely accused plaintiff of picking defendant's tulips."

The record reveals that a request was seasonably made for a separate finding of facts and conclusions of law. The court had previously announced the same in a written opinion, but the conclusions were not made under separate headings. The court thereupon adopted the opinion as a separate finding of law and fact, which the appellant urges does not meet the requirements of §2315.22 R. C. A distinct separation is not required when the conclusions may easily be determined from the court's findings. **Powell v. Powell, 74 Oh Ap 335; Holmes v. Hrobon, 93 Oh Ap 91**, by this Court.

It is next urged that the court erred in basing its decision, in whole or in part, upon the statute of limitations, when the defendant had neither pleaded nor attempted to prove such a defense. The record reveals that in delving into the history of the differences between the parties to this action certain words were published by the defendant which were libelous per se, but which had been some ten years prior to the date set forth in the petition and were different from those alleged therein. It is true that the statute of limitations is an affirmative defense, and must be pleaded, but the allegations contained in the petition charged that the libelous statements were made within one year prior to the commencement of the action. Hence under the pleadings the statute of limitations could not properly be invoked, since the petition did not charge this matter as being libelous, and no amendment was sought to conform the pleadings to the evidence, it did not tend in any manner to prove the allegations set forth in the petition and was not admissible for this purpose. The court therefore did not err in refusing to give it consideration. The court properly ruled that the proof did not establish that the utterances of the defendant were libelous per se, and that special damages were required to be proven, no such proof being offered.

We have examined the entire record and are of the opinion that the

judgment is not against the manifest weight of the evidence. We find none of the assigned errors well made, and judgment will be affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.